# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAREY B. DONALD, #M33774, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00992-SMY |
| ) | |
| WEXFORD HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carey B. Donald, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts a claim for deliberate indifference to a serious medical need and seeks monetary damages.

Plaintiff's Complaint was dismissed for failure to state a claim for relief following preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). He was granted leave to file a First Amended Complaint, which is now before the Court for review under § 1915A. Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

The First Amended Complaint includes the same one paragraph statement of claim that was set forth in the Complaint. (Doc. 1, p. 17; Doc. 10, p. 6). Plaintiff alleges he has a right to weekly Procrit injections prescribed for him, but the injections have not been provided. He alleges the failure to provide the injections as prescribed has jeopardized his health and life. Based on the exhibits attached to the Complaint and the First Amended Complaint, it appears that some weekly

injections were not given as prescribed. Plaintiff names Wexford Healthcare as a defendant but fails to make any allegations against it.

Under Federal Rule of Civil Procedure 8, a Complaint must include a short, plain statement of the case against each individual or entity. In other words, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, the First Amended Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff discloses two letters from law firms declining representation. (Doc. 11, pp. 5, 6). One letter, however, declines to assist Plaintiff with regard to a criminal case. Based on this record, Plaintiff has not made reasonable attempts to secure counsel with regard to the claim in this case, and the motion will be denied. Plaintiff may renew his request for counsel after first attempting

to locate counsel on his own with regard to the claim in this case. If Plaintiff does renew his request, he should give the Court rejection letters from at least two additional attorneys/law firms[1] to prove that he has made reasonable efforts to obtain counsel.

### Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the First Amended Complaint (Doc. 10) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **June 5, 2020**. **Should Plaintiff decide to file a Second Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...."** *DiLeo v. Ernst & Young*, **901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.** The Second Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

---

[1] The Court usually requires rejection letters from three attorneys. The October 9, 2019 letter from Loevy & Loevy submitted with the motion suffices as one attorney rejection letter.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00992-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 11) is **DENIED** without prejudice.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 6, 2020**

               *s/ Staci M. Yandle*
               **STACI M. YANDLE**
               **United States District Judge**