IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAREY B. DONALD, #M33774, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-00992-SMY |
| ) | |
| WEXFORD HEALTHCARE and ) | |
| MEDICAL DIRECTOR, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carey B. Donald, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Lawrence Correctional Center. Plaintiff asserts a deliberate indifference to serious medical needs claim and seeks monetary damages.

Following preliminary review under 28 U.S.C. § 1915A, Plaintiff's First Amended Complaint was dismissed for failure to state a claim for relief. (Doc. 15). He was granted leave to file a Second Amended Complaint, which is now before the Court for review under § 1915A. Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Second Amended Complaint

Plaintiff makes the following allegations in his Second Amended Complaint (Doc. 20): Plaintiff has cancer. He did not receive his physician prescribed Procrit injections on January 7, 2019, February 7, 2019, February 21, 2019, and in March 2019. Wexford medical staff was deliberately indifferent to his serious medical needs by not providing him with timely treatment to

prevent pain and suffering.

Based on the allegations in the Second Amended Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Healthcare and the Medical Director for failing to provide Plaintiff with his weekly Procrit injections on January 7, 2019, February 7, 2019, February 21, 2019, and in March 2019.

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Discussion

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and must include "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Further, because Plaintiff brings his claims under 42 U.S.C. § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel

and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a viable claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Here, Plaintiff names Wexford Healthcare and the Medical Director as Defendants, but does not describe how they allegedly violated his constitutional rights. He alleges only that "Wexford medical staff" was deliberately indifferent to his medical needs. But there is no respondent superior or "supervisor liability" under § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Absent any allegations describing what each defendant did or failed to do in violation of Plaintiff's constitutional rights, Plaintiff's claims cannot proceed and his Second Amended Complaint must be dismissed for failure to state a claim.

Plaintiff has had three opportunities to plead allegations sufficient to state a colorable claim in this case. The Court has provided Plaintiff with clear explanations of the deficiencies in his pleadings and has given him clear instructions on how to cure those deficiencies. (Docs. 6, 15). Nevertheless, each Complaint has included only summary sentences with no factual detail, which appears to be a choice rather than a competency issue. There is no indication that Plaintiff is incapable of understanding the Court's Orders or following the Court's instructions. Accordingly, the Second Amended Complaint will be dismissed with prejudice and without leave to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted if it is clear that any amendment would be futile).

**Disposition**

Plaintiff's Second Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. The dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: November 9, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**